LAW OFFICES OF RODNEY
BRIDGERS, LLLC

RODNEY P. BRIDGERS, JR. 9505
707 Richards Street, Ste. 526
Honolulu, Hawaii 96813
Telephone: (808) 536-3255
Facsimile: (808) 524-5593

LAW OFFICE OF
DAVID F. SIMONS

DAVID F. SIMONS   2179-0
707 Richards Street, Ste. 526
Honolulu, Hawaii 96813
Telephone: (808) 536-3255
Facsimile: (808) 524-5593

Attorneys for Plaintiff
MALCOLM MACK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MALCOLM MACK, | CIVIL NO. |
| | (Other Civil Action) |
| Plaintiff, | |
| | COMPLAINT; DEMAND FOR JURY |
| vs. | TRIAL; SUMMONS |
| COMPREHENSIVE HEALTH MANAGEMENT, INC.; WELLCARE HEALTH INSURANCE OF ARIZONA, INC., | |
| Defendants. | |

## COMPLAINT

COME NOW Plaintiff MALCOLM MACK ("Plaintiff") by and through his attorneys, RODNEY P. BRIDGERS, JR. and DAVID F. SIMONS, and hereby complains against the above-mentioned Defendants and allege and aver as follows:

I.  JURISDICTION AND VENUE

1. Jurisdiction is based on the fact that this case is brought pursuant to the Civil Rights Act of 1871, [codified as amended at 18 U.S.C.A. § 241, 42 U.S.C.A. §§ 1983, 1985(3), and 1988]). Plaintiff claims that Defendants violated his rights under this act. This court has jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under U. S. Law, and 28 U.S.C. § 1343 (3) and 28 U.S.C. § 1343 (4) which provides this Court with jurisdiction in this Civil Rights case.

2. Plaintiff has brought additional claims under the laws of the State of Hawaii. This Court has jurisdiction over the state claims as complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00. Thus, this Honorable Court has jurisdiction over Plaintiff's state court claims pursuant to 28 U.S.C. § 1332.

3. The acts, omissions, and transactions alleged herein occurred entirely within the State of Hawaii. Pursuant to 28 U.S.C. § 1391(b), venue is therefore proper in this Court.

II. **PARTIES**

4. Plaintiff MALCOLM MACK ("Plaintiff") is a former resident and citizen of the City and County of Honolulu, State of Hawaii at all times pertinent hereto, but is now a citizen of North Carolina.

5. Defendant COMPREHENSIVE HEALTH MANAGEMENT, INC., ("Defendant CHMI") is a foreign profit corporation, registered to do business and is doing business in the City and County of Honolulu, State of Hawaii.

6. Defendant WELLCARE HEALTH INSURANCE OF ARIZONA, INC. ("Defendant WHIA") is a foreign profit corporation, registered to do business under the brand name Ohana Health Plan and is doing business in the City and County of Honolulu, State of Hawaii.

7. Defendants CHMI and WHIA are part of an integrated enterprise. This integrated enterprise will be referred to jointly as "Defendants WELLCARE".

III. **STATEMENT OF FACTS**

8. Plaintiff was employed by Defendant CHMI, and thus by Defendants WELLCARE, from April 16, 2018 through May 31, 2019.

9. Plaintiff applied for the advertised position of Quality Practice Advisor ("QPA") with Defendant CHMI in 2018.

10. Plaintiff, an African-American male, was well-qualified for the Position of QPA.

11. Plaintiff was interviewed by several managers at Defendant CHMI, including Sandy Sullivan and Anne Reis.

12. Plaintiff was hired to fill a vacant QPA position filled by a former QPA, employee Phillip V.

13. Plaintiff, an African-American, was paid less than other QPAs due to his race, Black.

14. In fact, Plaintiff was paid as if he had joined Defendants WELLCARE in an entry level position.

15. The QPA position is not an entry level position at Defendants WELLCARE.

16. When another member of Defendants WELLCARE's management questioned why Plaintiff was being paid far less than other QPAs, none of whom were Black, VP Sandy Sullivan dismissed the concern by stating that Plaintiff was making more than he made at his last job.

17. Plaintiff was denied bonuses because of his race, Black.

18. Defendants WELLCARE now claim that Plaintiff was not qualified for the QPA position, and thus he was paid less, because he did not have the requisite certification.

19. Defendants WELLCARE never contended that Plaintiff lacked any certification or was in any other way unqualified for the QPA position until after Plaintiff complained about being subjected to illegal discrimination in Defendants WELLCARE's workplace.

20. Other QPAs, including a white female hired after Plaintiff who did not have Plaintiff's experience and qualifications, did not have the "required" certificate yet earned more than Plaintiff even after Plaintiff received a raise.

21. Plaintiff diligently performed all of his job duties.

22. In October 2018, Plaintiff's immediate supervisor submitted paperwork to promote Plaintiff because Plaintiff was performing well and actually was handling the duties of two QPA positions.

23. In January 2019, Defendants WELLCARE's VP Sandy Sullivan told Plaintiff's supervisor to downgrade Plaintiff's written performance from "Frequently Exceeds" to "Meeting" Goals.

24. VP Sandy Sullivan refused to state why she was directing that Plaintiff's written job evaluation be changed.

25. This change in Plaintiff's written evaluation directed by Ms. Sullivan negatively impacted Plaintiff's eligibility for QPA bonuses.

26. VP Sandy Sullivan is known to be discriminatory toward African Americans.

27. Ms. Sullivan is known to have made statements that Blacks are okay if you keep them in their place.

28. Within a short period of time, Sandy Sullivan did her best to rid Defendant WELLCARE's management team of Black employees.

29. Plaintiff has been subjected to discrimination and harassment by Defendants WELLCARE based upon his race, African American, and color, Black.

30. The discrimination and harassment began on or about April 16, 2018 and continued through Plaintiff's constructive termination on May 31, 2019.

31. Defendants WELLCARE discriminated against Plaintiff by treating him differently from other similarly situated non-African American, non-Black employees.

32. The discriminatory animus by Ms. Sullivan was not welcomed by Plaintiff.

33. The discriminatory conduct by Ms. Sullivan was so severe and pervasive that a reasonable person in Plaintiff's position would find Defendant WELLCARE's working environment to be hostile to Black employees.

34. Defendants WELLCARE did not exercise reasonable care to prevent discrimination based on Plaintiff's race, African American and color, black, in the

workplace and did not exercise reasonable care to promptly correct the discriminatory behavior.

35. The long-standing racial discrimination and harassment had created a hostile and offensive working environment for Plaintiff.

36. On or about April 20, 2019, Plaintiff filed a Charge of Discrimination with the EEOC, citing the discrimination and hostile employment conditions pervasive in Defendants WELLCARE's workplace.

37. Thereafter, Defendants' WELLCARE engaged in illegal retaliation toward Plaintiff for filing a Charge of Discrimination with the EEOC.

38. Plaintiff was excluded from conversations concerning leadership at Defendants WELLCARE. employment.

39. Plaintiff was excluded from management decisions at Defendants WELLCARE.

40. Plaintiff was belittled within Defendants WELLCARE's workplace after filing a Change of Discrimination.

41. Plaintiff was, in general, isolated within Defendants WELLCARE's workplace once he filed his Charge of Discrimination.

42. Sandy Sullivan designed and orchestrated the campaign of illegal retaliation to which Plaintiff was subjected.

43. The retaliation to which Plaintiff was subjected after filing his Charge of Discrimination prevented Plaintiff from adequately and efficiently performing his job duties.

44. Plaintiff complained to his employer about the illegal discrimination and retaliation to which he was subjected to no avail.

45. Defendants WELLCARE did not exercise reasonable care to prevent Plaintiff from being subjected to illegal retaliation after complaining of pervasive, illegal discrimination in Defendant WELLCARE's workplace and did not exercise reasonable care to promptly correct the retaliatory behavior.

46. As a result of Defendants WELLCARE'S discrimination and harassment against Plaintiff based on his race, African American, and color, black, and suffering the ensuing retaliation upon complaining of being subjected to illegal discrimination, Plaintiff has suffered general and special damages in amounts to be shown at trial, and is entitled to all equitable and legal remedies and compensatory and punitive damages.

IV. <u>CLAIMS FOR RELIEF</u>

<u>VIOLATION OF Civil Rights Act of 1871, [codified as amended at 18 U.S.C.A. § 241, 42 U.S.C.A. §§ 1983, 1985(3), and 1988].</u>

47. Plaintiff hereby realleges and incorporates by reference the allegations contained in the preceding paragraphs.

48. The above described discriminatory and harassing pattern and practice by Defendants, its agents and employees violate the Fourteenth Amendment to the Constitution as protected by 42 U.S.C. § 1983.

49. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer damages in such amounts as shall be shown at the time of trial and is entitled to an award of compensatory and punitive damages, attorneys fees and costs, as well as other injunctive relief.

## VIOLATIONS OF H.R.S. § 378

50. Plaintiff hereby restates and incorporates by reference for all purposes as if now set forth verbatim the allegations contained in forgoing paragraphs.

51. Hawaii Revised Statutes (H.R.S.) § 378-2 provides in pertinent part:

(a) It shall be an unlawful discrimination practice:

(1) Because of race ... . :

    (A) For any employer to refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in terms, conditions, or privileges of employment [.]

(2) For any employer . . . to discharge, expel, or otherwise discriminate against any individual because the individual has opposed any practice forbidden by this part or has filed a complaint, testified, or assisted in any proceeding respecting the discriminatory practices prohibited under this part;

51. Defendants WELLCARE have discriminated against Plaintiff due to his race, Black.

52. Defendants WELLCARE failed to provide Plaintiff with employment conditions where he could safely work free from illegal discrimination.

53. Defendants WELLCARE failed to take prompt, reasonable, or effective remedial action to prevent or cease the discrimination described herein.

54. Defendants WELLCARE retaliated against Plaintiff for opposing unlawful discrimination in its workplace.

55. Defendants WELLCARE failed to provide Plaintiff with employment conditions where he could safely work free from unlawful retaliation in its workplace.

56. Defendant WELLCARE failed to take prompt and effective remedial action to prevent or cease the retaliation described herein.

57. Defendants WELLCARE illegally discriminated against Plaintiff due to his race, Black, and subjected Plaintiff to illegal retaliation in violation of H.R.S. §378-2.

58. As a result of the foregoing acts of illegal discrimination and retaliation in violation of H.R.S. §378-2, Plaintiff has suffered emotional distress, humiliation, distress, damage to his reputation, loss of income, loss of wage earning capacity, and general and special damages in an amount to be proven at trial, and is entitled to all equitable and legal remedies and damages including, but not limited to, all remedies allowable under H.R.S. § 378.

## PUNITIVE DAMAGES

59. Plaintiff realleges and incorporates by reference the allegations of each of the preceding paragraphs.

60. In performing all of the acts and omissions described above, Defendants, through their agents, employees, and/or representatives, acted intentionally, willfully, wantonly, oppressively, or with gross negligence, and/or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, and/or with willful misconduct and/or that entire want of care which raises a presumption of a conscious indifference to the consequences of their conduct.

61. Defendants are therefore liable to Plaintiff for punitive damages in amounts to be proven at trial.

WHEREFORE, Plaintiff prays for Judgment against the Defendants as follows:

1. For special damages in amounts to be proven at trial.

2. For general damages in amounts to be proven at trial.

3. For punitive damages in amounts to be proven at trial.

4. For reasonable attorneys' fees and costs.

5. For further legal and equitable relief as provided for by law.

6. For all such other relief as the Court deems reasonable and

proper.

      DATED:    Honolulu, Hawai'i, March 4, 2020.

<u>s/Rodney P. Bridgers, Jr.</u>
RODNEY P. BRIDGERS, JR.
DAVID F. SIMONS

Attorneys for Plaintiff
MALCOLM MACK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MALCOLM MACK<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>COMPREHENSIVE HEALTH MANAGEMENT, INC.; WELLCARE HEALTH INSURANCE OF ARIZONA, INC.,<br><br>　　　　Defendants. | CIVIL NO.<br>(Other Civil Action)<br><br>DEMAND FOR JURY TRIAL |

## DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff MALCOLM MACK, by and through his undersigned counsel, and hereby demands a trial by jury on all issues so triable.

DATED:　Honolulu, Hawai'i, March 4, 20202.

　　　　　　　　　　s/ Rodney P. Bridgers. Jr.
　　　　　　　　　　RODNEY P. BRIDGERS, JR.
　　　　　　　　　　DAVID F. SIMONS

　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　MALCOLM MACK